# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN LINO,<br>CDCR #J-45685,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>B. MOSKOWITZ;<br>UNITED STATES DISTRICT COURT,<br>SOUTHERN DISTRICT OF<br>CALIFORNIA,<br><br>　　　　　　　　　　Respondents. | Civil No.　11cv0855 DMS (RBB)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**(1) FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a);**<br><br>**(2) AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1); and**<br><br>**(3) DENYING REQUEST FOR LEAVE TO AMEND [ECF NO. 3] AS MOOT** |

　　　Plaintiff, a prisoner currently incarcerated at Kern Valley State Prison and proceeding pro se, has filed a "Petition for Writ of Mandate" pursuant to 28 U.S.C. § 1651(a), in which he claims United States District Judge Barry Ted Moskowitz has "fail[ed]and/or refuse[d] to order relief Petitioner seeks" in the action he filed under *Lino v. Kellerman*, S.D. Cal. Civil Case No. 10cv0449 BTM (JMA).

/ / /

## I.

## Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor submitted a Motion to Proceed IFP. Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

## II.

## Sua Sponte Screening per 28 U.S.C. § 1915A(b)(1)

The Court further finds that even if Plaintiff had paid the full $350 filing fee or moved to proceed IFP pursuant to 28 U.S.C. § 1915(a), his action nevertheless remains subject to sua sponte dismissal under 28 U.S.C. § 1915A. This statute requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing ... a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When conducting this review, the court may dismiss the action, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915A(b)(1); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff entitles this action as a "Petition for Writ of Mandate" and cites only to California law. (*See* Pl.'s Pet. at 1.) In this action, Plaintiff is requesting that this Court order another District Court Judge to rule on pending motions in *Lino v. Kellerman, et al.*, S.D. Cal. Civil Case No. 10-0449 BTM (JMA). (*Id.* at 1-2.) "A writ of mandamus is an extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed

1  jurisdiction or to compel it to exercise its authority when it is its duty to do so." *DeGeorge v.*
2  *U.S. District Court*, 219 F.3d 930, 934 (9th Cir. 2000) (internal citation omitted.)   The
3  common-law writ of mandamus *against a lower court* is codified at 28 U.S.C. § 1651(a), which
4  provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all
5  writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages
6  and principles of law." *Id.*   Here, the action Plaintiff seeks is not one against a "lower court"
7  but rather a District Court.  *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1393 (9th Cir.
8  1987) (district court lacks authority to issue writ of mandamus to another district court).
9  Moreover, the basis of Plaintiff's claim appears to be that he does not believe that the other
10 Court is acting on his matter as quickly as he believes it should.  If Plaintiff disagrees with the
11 ruling of a separate trial court, he has the ability to seek the proper relief with the appropriate
12 Court of Appeals.

### III.

### Conclusion and Order

15  For the reasons set forth above, the Court hereby:

16  (1)  DISMISSES this action sua sponte for failing to pay the $350 filing fee or file a
17  Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

18  (2)  DISMISSES this action as frivolous and without leave to amend pursuant to 28
19  U.S.C. § 1915A(b)(1);

20  (3)  DENIES Motion for Leave or Court Order to Amend/Supplement as MOOT; and

21  (4)  CERTIFIES that an IFP appeal from this Order would also be frivolous and
22  therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge*
23  *v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)
24  (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

25  The Clerk shall close the file.

26  DATED: May 23, 2011

27
28
_____
HON. DANA M. SABRAW
United States District Judge