# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN LINO., CDCR #J-45685,<br><br>Plaintiff,<br><br>vs.<br><br>B. MOSKOWITZ; UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA,<br><br>Defendants. | Civil No.   11cv0855 DMS (RBB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION FROM COURT'S ORDER AND JUDGMENT; AND**<br><br>**(2) DENYING MOTION FOR TRANSCRIPTS AS MOOT**<br><br>**[ECF Nos. 11, 12]** |

## I.
### Procedural History

On April 18, 2011, Plaintiff filed a "Petition" against United States District Judge Barry Ted Moskowitz [ECF No. 1]. On May 23, 2011, this Court dismissed this action for: (1) failing to pay the $350 filing fee requested by 28 U.S.C. § 1914(a); (2) alternatively failing to move to proceed IFP; and (3) as frivolous. *See* May 23, 2011 Order at 3. Plaintiff was not granted leave to amend and the Court certified that an IFP appeal from the Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *Id.*

Currently before the Court is Plaintiff's "Motion for Reconsideration from Court's Order and Judgment" and "Motion Requesting Court's Order to Clerk for it's Case Transcripts" [ECF Nos. 11, 12]. In the first Motion, Plaintiff requests that the Court reconsider the Court's May 23, 2011 Order dismissing this action as frivolous. The Court notes that Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals of the Court's May 23, 2011 Order [ECF No. 8]. However, the Appeal was dismissed by the Ninth Circuit on September 14, 2011 for failing to file a timely Notice of Appeal [ECF No. 13]. Thus, this Court has regained jurisdiction over the matter. *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986). Because Plaintiff's Appeal in this action has been dismissed, Plaintiff's Motion for Court's Order of Case Transcripts and Motion to Proceed IFP on Appeal is **DENIED** as moot.

## II.

### Plaintiff's Motion

#### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

#### B. Plaintiff's Arguments

Plaintiff filed his "Petition for Writ of Mandate" because he believed that District Judge Moskowitz was "deliberately delaying the processing of my complaint and motion requesting for 3-Judge Court." (Pl.'s Mot. at 4.) Plaintiff is referring to a separate § 1983 civil rights matter that he filed in 2010. *See Lino v. Kellerman, et al.*, S.D. Civil Case No. 10cv0449 MMA (PCL). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

While District Judge Moskowitz was initially assigned to that matter, it was later transferred to District Judge Michael Anello pursuant to the Court's low number rule. A review of the Court's docket in this previous matter shows that Plaintiff requested numerous extensions of time to file amended pleadings, all of which were granted by the Court. Plaintiff's allegations that District Judge Moskowitz somehow was deliberately delaying his case is frivolous as it is clear from the record that any delays in this previous matter were on the part of Plaintiff.

In sum, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263.

### III.

### Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration [ECF No. 11] is hereby DENIED. Plaintiff's Motion for Court's Order to Clerk for Case Transcripts and Motion to Proceed IFP on Appeal [ECF No. 12] is hereby DENIED as moot.

The Court further **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED.**

DATED: October 12, 2011

_____
HON. DANA M. SABRAW
United States District Judge